RECEIVED
MAR 3 . 2005
LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Brian E. Peltier, | ) | C. A. No. 2:04-22312-DCN-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Jobe C. Metts, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

This medical malpractice action brought by an individual proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motion to dismiss, the plaintiff's motion to amend, and the plaintiff's motion to remand to state court. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

On September 22, 2004, the plaintiff, Brian E. Peltier, sued the defendant, Dr. Jobe C. Metts, and alleged that Dr. Metts performed a surgical procedure on him September 25, 2002, in a negligent manner. Peltier seeks one million seven hundred fifty thousand dollars ($1,750,000.00) in damages.

Metts resides in North Carolina and was served there on November 29, 2004. Peltier then moved for summary judgment based upon the pleadings on December 8, 2004. On December 21, 2004, Metts, represented by counsel, moved to dismiss the action because Metts was associated with the Medical University of South Carolina (MUSC) at he time of the surgery and the only proper

defendant is MUSC under the South Carolina Tort Claims Act, (SCTCA), S.C. Code Ann. § 15-78-10, et. seq.

On December 23, 2004, Peltier was provided a copy of the defendant's motion to dismiss along with an explanation of dismissal and summary judgment procedure, as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

On December 28, 2004, the plaintiff filed his response to the motion to dismiss in the form of a motion to amend the complaint to add MUSC as a defendant. Peltier wrote that MUSC had to be named in order to comply with the SCTCA. The defendant opposed the motion to amend on January 7, 2005, and argued that MUSC alone was the proper defendant. Next, on January 18, 2005, the plaintiff filed a motion to remand the matter to the courts of South Carolina, without explanation.

A status conference and argument on the motions was had before the undersigned on February 9, 2005, at which time the plaintiff clarified that what he sought to do was to sue MUSC for malpractice. To that end, the plaintiff withdrew his motion for summary judgment.

Additionally, the undersigned explained to the plaintiff that an action filed originally in federal court, such as the instant action, was incapable of being remanded to the state

2

courts because it was never in the state courts. See generally, 28 U.S.C. § 1447. This case was never removed in the first instance so that the plaintiff's motion to remand to state court must be denied.

It was explained further that since the plaintiff sought to sue MUSC, that could only be accomplished in an action in state court under the SCTCA. S.C. Code § 15-78-20(e). There is no possibility that the amendment would cure the defect here. Therefore, the plaintiff's motion to amend to add MUSC as a defendant must be denied as futile. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962).

At that juncture, the only motion still outstanding was the defendant's motion to dismiss filed on December 21, 2004. The plaintiff indicated that he wanted to further respond to that motion so he was given until February 16, 2005, to file a response. On February 16, 2005, the plaintiff filed a pleading denominated "Response to defendant's motion to dismiss, and Plaintiff's motion to amend and remand", which motion is the same as his prior motion to amend and to remand which had just been denied.

## DISCUSSION

Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. See, S.C. Code § 15-78-20(e)(providing that the State

of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). To the extent Peltier's case here is under the SCTCA, it is in the wrong court and subject to dismissal on that basis alone.

Peltier's motion to amend his complaint to add MUSC as a defendant should be denied because the amendment would not cure the problem that he incorrectly brought his SCTCA claim in federal court. Such amendment would be futile.

Peltier seeks to avoid dismissal by insisting the action be remanded to state court. Clearly, an action cannot be remanded if originally filed here in federal court. His motion to remand

---

¹ If Peltier's claim is not "verified", filing a new suit in state court may be futile as well. Under the SCTCA, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C. Code § 15-78-80. Joubert v. South Carolina Department of Social Services, 341 S.C. 176, 189-190, 534 S.E.2d 1, 8, (S.C. Ct. App. 2000) (outlining differences between "verified" claims filed in accordance with S.C. Code § 15-78-80 as subject to three-year limitations period and all other claims being subject to two-year limitations period). Under the SCTCA, a verified claim is filed with the agency, political subdivision, or the State Budget and Control Board before seeking judicial relief in state court. See, S.C. Code § 15-78-80. The benefit to a plaintiff for filing a verified claim is that his or her limitations period is extended from two (2) years to three (3) years. In other words, if a plaintiff fails to file a claim that strictly complies with S.C. Code § 15-78-80, the limitations period is only two (2) years. Plaintiff's failing to pursue his claims within the appropriate limitations period will cause him to be barred from suit. See, e.g., Murphy v. Richland Memorial Hospital, 317 S.C. 560, 455 S.E.2d 688 (1995); Vines v. Self

4

should be denied on that basis.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendant's motion to dismiss be granted, all other motions be denied, and this matter ended.

Respectfully Submitted,

S/Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March 31, 2005

---

Memorial Hospital, 314 S.C. 305, 443 S.E.2d 909 (1994); and Pollard v. County of Florence, 314 S.C. 397, 444 S.E.2d 534 (S.C. Ct. App. 1994).

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
